William W. Drury, Jr., #005238
Heather A. Neal, #024226
Tophas Anderson, IV, #021418
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417
Telephone: (602) 307-9900
Facsimile: (602) 307-5853
E-Mail: docket@rcdmlaw.com
         hneal@rcdmlaw.com
         tanderson@rcdmlaw.com

*Attorneys for Defendant RGH Enterprises,
Inc., dba EdgePark Medical Supplies,
erroneously sued as RGH Enterprises, Inc.
and EdgePark Medical Supplies*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Bennett, surviving spouse of John Bennett, Deceased, Individually and on Behalf of All Surviving Wrongful Death Beneficiaries,<br><br>　　　　　Plaintiff,<br>v.<br><br>Triad Group, Inc., a Wisconsin corporation; H&P Industries, Inc., a Wisconsin corporation; EdgePark Medical Supplies, an Ohio corporation; RGH Enterprises, Inc., an Ohio corporation, d/b/a EdgePark Medical Supplies; Eric Haertle, a Wisconsin resident; David Haertle, a Wisconsin resident; and Donna Petroff, an Illinois resident,<br><br>　　　　　Defendants. | No. _____<br><br>**NOTICE OF REMOVAL**<br><br><br>*(Formerly Pima County Superior Court No. 20120137)* |

　　　Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 3.7, Local Rules of the District Court of the District of Arizona, Defendant EdgePark Medical Supplies dba RGH Enterprises, Inc. ("EdgePark"), erroneously sued as RGH Enterprises, Inc. and Edgepark Medical Supplies, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure,

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 1, ) 3092-0005                                                                                            738572_1

hereby notice their removal of this action from the Superior Court in Arizona, County of Pima to this Court, on the following grounds:

## I. PROCEDURAL BACKGROUND.

1. EdgePark seeks to remove this action from Superior Court of the State of Arizona in and for the County of Pima, Case No. C20120137 ("State Court Action"), to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.* A copy of the Summons, Complaint and any other pleadings served upon EdgePark are attached hereto as Exhibit A.

2. On January 9, 2012 Plaintiff filed her complaint which is a products liability/wrongful death action seeking to recover general and special damages including loss of earning, loss of consortium, pain and suffering, burial and funeral expenses and other damages.

3. Pursuant to LRCiv. 3.7, and as verified by the Declaration of attorney Tophas Anderson, IV attached hereto as Exhibit B, true and complete copies of all pleadings and other documents filed in the State Court proceeding are included within Exhibit A attached hereto.

4. Plaintiff completed service upon EdgePark on March 7, 2012, the date EdgePark executed the Waiver of Service. EdgePark's time period to remove was not triggered by receipt of the Complaint until formal service was completed. *See* **Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.**, 526 U.S. 344 (1999). In fact, where a Waiver of Service is executed, the time period for removal does not begin to run until the defendant waives service. *See Id.* at 350.

5. Defendants Triad Group, Inc., H&P Industries, Inc., Eric Haertle, David Haertle, and Donna Petroff have been served. Defendants Triad Group, Inc. and H&P Industries, Inc. previously filed a Notice of Appearance. Defendants Eric Haertle, David Haertle, and Donna Petroff have been dismissed without prejudice from the lawsuit.

6. Defendants Triad Group Inc., H&P Industries, Inc., Eric Haertle, David Haertle, and Donna Petroff have not filed responsive pleading to Plaintiff's Complaint.

## II. DIVERSITY JURISDICTION.

1. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

2. This action is properly removable under 28 U.S.C. § 1441(a) and (b), because this Court has original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a). As shown below, both of these requirements, complete diversity of citizenship and the requisite amount in controversy, are met here.

### A. COMPLETE DIVERSITY OF CITIZENSHIP.

1. Upon information and belief, plaintiff, Judy Bennett, is a citizen of Arizona.

2. EdgePark is a corporation licensed in the State of Ohio and conducts business in the State of Arizona. Therefore, it is a citizen of the State of Ohio. *See* 28 U.S.C. § 1332(c)(2).

3. Upon information and belief, defendants Triad Group, Inc. and H&P Industries, Inc. are corporations licensed in the State of Wisconsin and conduct business in the State of Arizona. Therefore, they are citizens of the State of Wisconsin. *See* 28 U.S.C. § 1332(c)(1).

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 3) 3092-0005                                                                                        738572_1

4. Upon information and belief, defendants Eric Haertle and David Haertle are residents of the State of Wisconsin. It is further believed that defendant Donna Petroff is a resident of the State of Illinois.

**B.   AMOUNT IN CONTROVERSY.**

1. Removal of this action is proper under 28 U.S.C. § 1441, *et seq.*, because this Court has original jurisdiction over this matter since the state court action is a civil action by and between citizens of different states; and, upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Plaintiff's complaint seeks general and special damages in an unspecified amount. However, the amount in controversy likely exceeds $75,000.00 considering the nature of Plaintiff's alleged claims; more specifically, product liability/wrongful death claims. Pima County Local Rule 4.2 establishes $50,000.00 as the threshold for compulsory arbitration. Plaintiff has pled the case as a value over $50,000.00 to avoid the Pima County mandatory arbitration provisions pursuant to Rules 72 - 76 Ariz.R.Civ.P., and Pima County Local Rule 4.2. *See* Certificate Regarding Compulsory Arbitration attached hereto within Exhibit A; *Singer v. State Farm Mut. Auto Ins. Co.*, 156 F.3d 373, 376 – 77 (9th Cir. 1997)(holding that a judicial admission may establish the amount in controversy); *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003)(finding plaintiff conceded her case was worth at least $50,000.00 by filing a certificate in Arizona state court indicating her case was not subject to compulsory arbitration.)

3. For purposes of establishing diversity jurisdiction, the removing parties can normally establish that the amount in controversy exceeds the jurisdictional threshold by relying on the allegations in the complaint. *See e.g.,* **St. Paul Mercury Indemnity Co. v. Red Cab Co.,** 303 U.S. 283, 288 - 89 (1938); *See also* **Gaus v. Miles, Inc.**, 980 F.2d 564, 566 (9th Cir. 1992). The amount in controversy must be established by a "preponderance

of the evidence." 28 U.S.C. § 1446(c). In this case, the allegations of the Complaint indicate that Plaintiff seeks recovery for wrongful death as the result of medical products sold and distributed by Defendants. Undersigned counsel also reviewed trial reporters for Arizona from 2001 – 2009 and was not able to uncover any wrongful death jury awards for the death of a spouse for $75,000.00 or less.[1] Given the nature of Plaintiff's claims, the amount in controversy clearly exceeds $75,000.00. Therefore, EdgePark has established, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.00.

4. Given that there exists complete diversity of citizenship between the Plaintiff and all Defendants, that no Defendant is a citizen of the forum state, and that the amount in controversy exceeds the jurisdictional threshold as required by 28 U.S.C. § 1446(C), this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### III. ADOPTION AND RESERVATION OF DEFENSES.

1. Nothing in Defendant's Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's respective rights to assert any defenses or affirmative matter including, without limitation, failure to state a claim upon which relief may be granted, failure to join indispensable parties or any other pertinent defense available under any state or federal statues, regulations, common law, or otherwise.

### IV. PROCEDURAL REQUIREMENTS FOR REMOVAL.

1. The Superior Court of the State of Arizona in and for the County of Pima where this action was originally filed is within the District of Arizona.

---

[1] In addition, the Milwaukee Journal Sentinel newspaper referenced in its June 25, 2011, story "A Case of Shattered Trust," two lawsuits filed against Triad by plaintiffs who sought $40 million and $30 million in damages following the use of allegedly contaminated medical products. See Declaration of Tophas Anderson, IV, attached hereto as Exhibit B.

2.  EdgePark timely filed this Notice of Removal within thirty (30) days of the date that service was accomplished on March 7, 2012.

3.  As verified by the Declaration of Tophas Anderson, IV, attached hereto as Exhibit B, true and complete copies of all pleadings and other documents filed in the state court proceeding are included within Exhibit A attached hereto. There is no other process, pleadings or orders in this case.

4.  This case is a civil action within the meaning of the Acts of Congress relating to the removing of causes.

5.  Defendant has not heretofore sought similar relief.

6.  Defendant reserves the right to amend or supplement this Notice of Removal, as necessary.

7.  Pursuant to LRCiv. 3.7, a copy of the Notice of Removal has been filed with the Clerk of the Superior Court of the State of Arizona in and for the County of Pima where this action was originally filed.

8.  Written notice of the filing of the Notice of Removal has been served upon Plaintiff through her counsel of record.

9.  Pursuant to LRCiv. 3.7, a civil cover sheet and a "[s]upplemental Civil Cover Sheet for Cases Removed from Another Jurisdiction" was submitted to the Court.

10. All Defendants in this action consent to this removal.

WHEREFORE, Defendant prays that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of the State of Arizona in and for the County of Maricopa to the United States District Court for the District of Arizona.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 6) 3092-0005                                                          738572_1

RESPECTFULLY SUBMITTED this 5TH day of April, 2012.

RENAUD COOK DRURY MESAROS, PA

By /s/ Tophas Anderson IV
William W. Drury, Jr.
Heather A. Neal
Tophas Anderson, IV
One North Central, Suite 900
Phoenix, Arizona 85004-4417
*Attorneys for Defendant RGH Enterprises, Inc., dba EdgePark Medical Supplies, erroneously sued as RGH Enterprises, Inc. and EdgePark Medical Supplies*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 7) 3092-0005

738572_1

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following CM/ECF participants.

Peter Akmajian, Esq.
Amy S. Chapman, Esq.
UDALL LAW FIRM, LLP
4801 E. Broadway Blvd., Suite 400
Tucson, AZ 85711-3638
*Attorneys for Plaintiff*

Paul R. Lee, Esq.
BOWMAN AND BROOKE, LLP
2901 N. Central Ave., Suite 1600
Phoenix, AZ 85012-2761
*Attorneys for Defendants Triad Group, Inc.
and H&P Industries, Inc.*

By Joyce Anse

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 8) 3092-0005                                                                 738572_1