# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Bennett, surviving spouse of John Bennet, Deceased, Individually and on Behalf of All Surviving Wrongful Death Beneficiaries,<br><br>Plaintiff,<br><br>v.<br><br>Triad Group Incorporated; et. al,<br><br>Defendants. | No. CV-12-00244-TUC-JGZ (CRP)<br><br>**ORDER** |

Based upon review of the: (1) filings made by Plaintiff, Defendant RGH Enterprises Inc., dba Edgepark Medical Supplies ("EdgePark"), and Defendant Steris regarding impact of the February 14, 2014 Order from the District Court for the Eastern District of Wisconsin (Docs. 162, 163, 164); (2) Defendant EdgePark's Notices regarding March 2014 proceedings in the Bankruptcy Court for the Eastern District of Wisconsin (Docs. 165, 166); and (3) the March 18, 2014 Letter from an attorney for the Debtors in the Wisconsin Bankruptcy Court proceeding notifying this Court of the extended bankruptcy stay in this matter, which is attached to this Order as Exhibit A,

IT IS ORDERED that this matter is STAYED until further Order of this Court.

IT IS FURTHER ORDERED that the parties shall file a status report regarding the

bankruptcy proceeding on **WEDNESDAY, JUNE 18, 2014** and **EVERY SIXTY (60) DAYS THEREAFTER.**

IT IS FURTHER ORDERED that in the event the bankruptcy stay is lifted, the parties shall so notify this Court within **FIFTEEN DAYS.**

Dated this 17th day of April, 2014.

*Charles R. Pyle*
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A



Jerome R. KERKMAN

A Partnership of Limited Liability Corporations

Suite 300
757 N. Broadway
Milwaukee, WI 53202-3612
Phone: 414.277.8200
Fax: 414.277.0100
jkerkman@kerkmandunn.com

March 18, 2014

**Via First Class Mail**

Honorable Charles R. Pyle
Evo A. DeConcini U.S. Courthouse
405 W. Congress St., Ste. 1500
Tucson, AZ 85071-5010

    Re: **Bennett v. Triad Group Incorporated et al.**
       **Case No.: 12-cv-00244-JGZ-CRP**

Dear Honorable Charles R. Pyle:

  Triad Group, Inc., H&P Industries, Inc. and Triad Pharmaceuticals, Inc. are chapter 11 debtors-in-possession (collectively, the "Debtors") in proceedings pending in the United States Bankruptcy Court for the Eastern District of Wisconsin entitled *In re Triad Group, Inc., et al.*, Case No. 12-31923-pp-11 (jointly administered).

  On February 14, 2014, the United States District Court for the Eastern District of Wisconsin (the "Wisconsin District Court") entered an order, pursuant to 28 U.S.C. § 157(b)(5), requiring that all personal injury tort and wrongful death claims "related to" the Debtors' estates be tried in the Wisconsin District Court. The Court determined that the cases listed on "Exhibit A" to the order were so related and ordered them to be tried in the Wisconsin District Court. The case referenced above and pending in your Court is included in Exhibit A.

  Following the February 14, 2014 order, the matter was remanded to the bankruptcy court so that the claims could proceed through the court-approved personal injury claims procedure. In order to avoid unnecessary proceedings or transfers of files, the bankruptcy court entered an order (i) staying all proceedings involving the cases listed on Exhibit A except as permitted by the claims procedure and (ii) requiring the Clerks of Court involved the cases to retain the files until a further order was entered. Copies of both orders accompany this letter.

  All parties affected by the orders are being provided with a copy of this letter and the orders through first class mail and email. In most cases, the parties are already proceeding through the claims procedure. If you have any questions, please contact us. Thank you.

          Very truly yours,

          *Jerome R. Kerkman*
          Jerome R. Kerkman
          One of the Attorneys for the Debtors

Enclosures
cc: Attached Service List

## Service List

Amy Smith Chapman, Esq., Udall Law Firm LLP, 4801 E. Broadway Blvd., Ste. 400, Tucson, AZ 85711-3668, AChapman@udalllaw.com;

Peter Akmajian, Esq., Udall Law Firm LLP, 4801 E. Broadway Blvd., Ste. 400, Tucson, AZ 85711-3668, pakmajian@udalll.com;

Paul J. Komyatte, Esq., Komyatte Law Firm, 1536 Cole Blvd., Ste. 300, Lakewood, CO 80401, paul@komyattelawfirm.com;

Paul Robert Lee, Esq., Bowman & Brooke LLP, 2901 N. Central Ave., Ste. 1600, Phoenix, AZ 85012 paul.lee@bowmanandbrooke.com;

Colleen Ann Lomax, Esq., Meagher & Geer, PLLP, 8800 N. Gainey Ctr. Dr., Ste. 261, Scottsdale, AZ 85258, clomax@meagher.com;

Gary Jay Cohen, Esq., Mesch Clark & Rothschild, PC, 259 N. Meyer Ave., Tucson, AZ 85701, gcohen@mcrazlaw.com;

Aaron Trachtman Goodman, Esq., DLA Piper LLP (US) – Phoenix, AZ, 2525 E. Camelback Rd., Ste. 1000, Phoenix, AZ 85016-423, aaron.goodman@dlapiper.com;

Mark A. Nadequ, Esq., DLA Piper LLP (US) – Phoenix, AZ, 2525 E. Camelback Rd., Ste. 1000, Phoenix, AZ 85016-423, mark.nadeau@dlapiper.com.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: TRIAD GROUP, Inc., TRIAD PHARMACEUTICALS, Inc., and H&P INDUSTRIES, Inc., | Case Nos. 13-C-1307, 13-C-1308, 13-C-1389<br><br>Bankr. Case Nos. 12-31923, 12-31924, 12-36443 |

## DECISION AND ORDER

The debtors, affiliated entities known as the Triad Group, distributed alcohol wipes that were recalled and eventually seized by the Food and Drug Administration. As a result, the Triad Group stopped doing business and filed for bankruptcy protection under chapter 11 in this judicial district. The debtors now move for an order withdrawing the reference from the bankruptcy court, followed by an order transferring all pending state and federal court personal injury actions back to the bankruptcy court so the claims can proceed through a proposed claims procedure. Debtors' Motion, Ex. A (listing cases); Ex. B (describing Personal Injury Claims Procedure).

The Court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on a timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Factors relevant to the district court's discretionary withdrawal of the reference include judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the court's familiarity with the case, and whether the proceeding is core

or non-core. *In re Coe-Truman Tech., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997). The entire purpose of the debtors' motion is to use the district court's straightforward power to withdraw the reference as an intermediate step towards consolidating all pending personal injury claims in a single forum. Therefore, the Court finds cause to withdraw the reference from the bankruptcy court.

The district court also has the authority to order that "personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5). "Congress enacted section 157(b)(5) to expand the district court's venue-fixing powers with an eye to centralizing the adjudication of a bankruptcy case." *In re Pan Am Corp.*, 16 F.3d 513, 516 (2d Cir. 1994). Accordingly, the Court can "fix venue of personal injury tort actions against the debtor" under section 157(b)(5). *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. 1986).[1]

Of course, the Court cannot withdraw the reference and issue an order transferring venue under section 157(b)(5) if it lacks subject matter jurisdiction. *Stern v. Marshall*, 131 S. Ct. 2594, 2607 (2011) (explaining that § 157(b)(5) is a venue provision, not a grant of jurisdiction). Here, the Court looks to the very broad grant of "related to" jurisdiction. The district court has "original but not exclusive jurisdiction

---

[1] It makes no difference that some of the claims are pending in state court. *Calumet Nat'l Bank v. Levine*, 179 B.R. 117, 122 n.7 (§ 157(b)(5) "bestows upon the district court authority to transfer actions pending in state court").

- 2 -

of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In general, a dispute is "related to" the bankruptcy if it "affects the amount of property available for distribution or the allocation of property among creditors." *UNR Indus., Inc. v. Cont'l Cas. Co.*, 942 F.2d 1101, 1103 (7th Cir. 1991) (citing *Matter of Xonics*, 813 F.2d 127, 131 (7th Cir. 1987)). Put more simply, the Court can exercise jurisdiction over state law claims that are "likely to affect the debtor's estate . . ." *Matter of Heath*, 115 F.3d 521, 524 (7th Cir. 1997).

Most of the pending claims are direct actions against the debtors and/or their affiliates. These actions are clearly within the scope of the Court's "related to" jurisdiction. *See, e.g., In re New England Compounding Pharm., Inc. Prod. Liab. Litig.*, 496 B.R. 256, 267 (D. Mass. 2013) ("The outcome of such suits against the debtor and its affiliates certainly 'could have some effect on the bankruptcy estate'") (quoting *In re Boston Reg'l Med. Ctr.*, 410 F.3d 100, 105 (1st Cir. 2005)). The same can be said for claims brought against the debtors' principals. *In re Federal-Mogul, Inc.*, 282 B.R. 301, 310 (D. Del. 2002) ("it seems settled that suits against principal or key-personnel indemnitees of the debtor may be within the bankruptcy court's related-to jurisdiction"). This is so because "in addition to the right of indemnity, key personnel also present the additional fact that they will typically have incurred the underlying liability in the course of acting on the debtor's behalf. This and the fact that the indemnity right may be a function of corporate bylaws or statute suggest that the courts may have viewed litigation against solvent corporate insiders as more

- 3 -

intertwined with the debtors' affairs, more certainly binding on the debtor, and therefore more directly affecting the rights of the debtor." *Id.*

Some of the claims, however, are third-party claims. For example, Bayer Pharmaceuticals, Inc. is a defendant in various lawsuits where the plaintiffs claim that Bayer is liable for injuries allegedly caused by products manufactured by the debtors. "Related to" jurisdiction does not exist over a claim that is a "mere precursor to a potential third party claim for indemnification" against the debtor. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984). On the other hand, "courts have held that related-to jurisdiction exists over cases against non-debtor defendants whom the debtor has an automatic obligation to indemnify or defend." *In re New England Compounding Pharm.*, 496 B.R. at 264. To this end, courts have found it relevant, if not dispositive, that the debtor has a contractual duty to indemnify. *A.H. Robins*, 788 F.2d at 1001 (noting the "clear implication" of *Pacor* that "if there had been a contract to indemnify, a contrary result would have been in order"). The debtors' contractual obligations to defend and indemnify third parties such as Bayer[2] demonstrate that those claims are more than a "mere precursor" to potential claims against the debtors. Moreover, even if the debtors' potential liability isn't "automatic," or "contractually obligated," "jurisdiction has been held to exist where there is a 'reasonable' legal basis

---

[2] For example, the Estate of Joseph Marsar objects to the transfer of its claims against Smith & Nephew, Inc., but the debtors are contractually obligated to indemnify Smith & Nephew pursuant to a Licensing and Manufacturing Agreement. Bankr. Case No. 12-31923, Docket No. 233, Ex. A; *see also* Bankr. Case No. 12-31924, Claim 39-1 Part 2 (explaining the debtors' duty to defend or indemnify with respect to Bayer).

- 4 -

for the claim of indemnification." *City of Ann Arbor Emp. Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*, 572 F. Supp. 2d 314, 317 (E.D.N.Y. 2008). Therefore, the Court finds that it can exercise "related to" jurisdiction over the third-party claims because they are likely to affect the bankruptcy estate.

Finally, the Court must consider whether it should abstain from asserting jurisdiction over the various claims that are subject to the debtors' motion. As an initial matter, neither the debtors nor any of the objecting parties address what is known as mandatory abstention:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Non-core proceedings for the liquidation of personal injury or wrongful death claims under are not subject to mandatory abstention. *In re Dow Corning Corp.*, 86 F.3d 482, 497 (6th Cir. 1996) (citing 28 U.S.C. §§ 157(b)(2)(B), 157(b)(4)). Courts have found that this exemption applies to the type of third-party claims discussed herein. "Contribution or indemnity claims are simply procedural vehicles for asserting liability against the estate for some underlying harm. If the underlying harm giving rise to the estate's potential liability involves personal injury or wrongful death, the claim against a third-party concerning that harm is, in

- 5 -

substance, a 'personal injury tort or wrongful death claim against the estate' and therefore covered by the exception in § 157(b)(2)(B)." *In re New England Compounding Pharm.* at 272; *see also Berry v. Pharmacia Corp.*, 316 B.R. 883, 889 (S.D. Miss. 2004) ("given the nature of the relationship and degree of identity between the debtor [and the third-party defendant], the rationale for exempting personal injury and wrongful death claims against the debtor's estate from the mandatory abstention provision applies fully to the claims against [the third-party defendant]. Under the terms of the Distribution Agreement, [the third-party defendant] claims a right to absolute indemnity from [the debtor] for any judgment that might be rendered against it, so that a judgment against [the third-party defendant] is, in practical effect, a judgment against [the debtor]").

As for discretionary abstention, 28 U.S.C. § 1334(c)(1), the Court agrees with the debtors' observation that it is incongruous to abstain from hearing cases within the compass of § 157(b)(5), the entire purpose of which is to centralize administration of the bankruptcy estate. Nonetheless, most of the following factors favor transfer:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the court's

- 6 -

docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re DeMert & Dougherty, Inc.*, 271 B.R. 821, 840 (Bankr. N.D. Ill. 2001). The second factor is the only one favoring abstention, but it is nullified by the third because the relevant state law issues are straightforward and non-novel. The bottom line is that transfer will greatly aid the efficient administration of the bankruptcy estate.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The debtors' motion to withdraw the reference is **GRANTED**;

2. The personal injury cases listed in Exhibit A shall be tried in the District Court for Eastern District of Wisconsin; and

3. This matter is **REMANDED** to the bankruptcy court so the claims can proceed through the proposed Personal Injury Claims Procedure (Exhibit B).

Dated at Milwaukee, Wisconsin, this 14th day of February, 2014.

BY THE COURT:

*Rudolph T. Randa*
HON. RUDOLPH T. RANDA
U.S. District Judge

*Exhibit A*

| Claimant Name | Claim No. | Proof of Claim Amount or Scheduled Claim | Court Description for Pending Case | Lawyers' Address |
|---|---|---|---|---|
| Bennett, John | 21-2 | $ 3,000,000 | 12-244-TUC-JGZ, Superior Court of Arizona, Pima Co. | Peter Akmajian, Udall Law Firm, LLP, 4801 E Broadway Blvd. Suite 400, Tucson, AZ |
| Chavez, Jaime | 67 | $ 5,000,000 | G13666029, Superior Court of California, Alameda Co. | Lamb and Frischer Law Firm, LLP, 1388 Sutter Street, Suite 815, San Francisco, CA 94109 |
| Dreyfuss, Donald | 77 | $ 433,400 | 2012-124998-NP, Circuit Court for Oakland Co., Michigan | David M. Kramer, Hilborn & Hilborn P.C., 999 Haynes, Suite 205, Birmingham, MI 48009 |
| Gundersen-Nutting, Karen | 7 | $ 11,000,000 | 4:11-CV-00024-RRB, U.S. Dist. Ct., District of Alaska | S. Jason Crawford, Crawford Law Offices, 250 Cushman St., Suite 2-B, Fairbanks, AK 99701 |
| Hogue, Gary | 14 | $ 500,000 | CJ-2009-4814, District Court Oklahoma Co., Oklahoma | Daniel M. Delluomo, Delluomo & Crow, 5617 N. Classen Blvd., Oklahoma City, OK 73118 |
| Hogue, Gary | 53 | $ 250,000 | | |
| Marsar, Joseph | 83 | $ 10,000,000 | 13-CV-1244-T-27TGW, M.D. Florida, Tampa Division | c/o Kelley Uustal, 700 SE 3rd Ave., Suite 300, Fort Lauderdale, FL 33316 |
| Marsar, Joseph | 79 | $ 10,000,000 | | |
| Massey, M. (minor), Aaron, and Tracey | 28 | $ 25,000,000 | 09-2-45506-6, Superior Court State of Washington, King Co. | Unknown |
| Massey, M. (minor), Aaron, and Tracey | 29 | $ 20,500,000 | | |
| Massey, M. (minor), Aaron, and Tracey | 75 | $ 407,247 | | |
| Montague, Bonnie | 30 | $ 5,000,000 | 12-CV-00098, U.S. Dist. Ct., E.D. of Louisiana | Douglas R. Plymale, Plymale Law Firm, One Canal Place, 365 Canal Street, Suite 1000, New Orleans, LA 70130 |
| Mullins, Lillian | 66 | $ 5,000,000 | 13-CV-0110, Court of Common Pleas, Ashtabula Co., Ohio | c/o Tom Merriman, 1360 W. 9th Street, Suite 200, Cleveland, OH 44113 |
| Rohlik, Laurie | 36-2 | $ 500,000 | C-20127882, Superior Court of Arizona, Pima Co. | Henry Jacobs, Law Offices of Henry Jacobs, PLLC, 271 North Stone Avenue, Tucson, AZ 85701 |
| Sanchez, Elisa (Jessize Sepeda) | 84-2 | $ 1,000,000 | 11-CV-245416, Superior Court of Califronia, County of Tulare | Sawl Law Group, 2150 Tulare Street, Fresno, CA 93711 |
| Schneider, Sharon | 47 | $ 12,500 | 11-109, U.S. Dist. Ct., N.D. Iowa, Cedar Rapids Division | Robert F. Wilson, 210 2nd Street SE, Suite 810, Cedar Rapids, IA 52401 |
| Aruscavage, Jacky | Disputed | $ 100,000.00 | 2012-8675, Court of Common Pleas of Luzeme Co., Penn. | Unknown |
| West, William (Carolyn Gleason) | Disputed | $ 2,800,000.00 | 1:11-cv-02065-CKK, U.S. Dist. Ct., District of Columbia | Unknown |



THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: March 17, 2014

Pamela Pepper
Chief United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

In the Matters of:

TRIAD GROUP, INC., *et al.*,[1]               Case No. 12-31923-PP-11
                                              Jointly Administered
                Debtors.

### ORDER STAYING CERTAIN CASES PENDING RESOLUTION OF THE PI CLAIMS PROCEDURE

This matter came before the Court following the Decision and Order of the United States District Court for the Eastern District of Wisconsin, which was returned to this Court on February 18, 2014. The District Court's Decision and Order established that the Court has jurisdiction over certain actions as "related to" the bankruptcy under 28 U.S.C. § 1334(b), and that such actions shall be tried in the District Court for the Eastern District of Wisconsin.

---

[1] Jointly administered with *Triad Pharmaceuticals, Inc.* (Case No. 12-36442-PP-11) and *H&P Industries, Inc.* (Case No. 12-31924-PP-11).

Drafted by:

Jerome R. Kerkman
Gregory M. Schrieber
Kerkman & Dunn
757 N. Broadway, Suite 300
Milwaukee, WI 53202
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: gschrieber@kerkmandunn.com

The Court held a status conference on the procedure in response to the District Court's Decision and Order on March 5, 2014.

Having reviewed and considered this matter and based upon the foregoing and other good cause appearing therefore,

IT IS ORDERED that:

1. The cases listed on the attached Exhibit A are stayed until further order of this Court to allow for the completion of the ongoing Personal Injury Claims Procedure. This stay includes all pre-trial activity and discovery except as permitted by the Personal Injury Claims Procedure approved by an Order entered as docket no. 225.

2. The Clerks of Court involved in the various cases listed on Exhibit A shall retain the files until further notice from this Court.

3. The attorneys for the Debtors, Kerkman & Dunn, shall provide notice of this Order and the District Court's Decision and Order of February 18, 2014 to the Courts affected by the Orders.

#####

*Exhibit A*

| Claimant Name | Claim No. | Proof of Claim Amount or Scheduled Claim | Court Description for Pending Case | Lawyers' Address |
|---|---|---|---|---|
| Bennett, John | 21-2 | $ 3,000,000 | 12-244-TUC-JGZ, Superior Court of Arizona, Pima Co. | Peter Akmajian, Udall Law Firm, LLP, 4801 E Broadway Blvd. Suite 400, Tucson, AZ |
| Chavez, Jaime | 67 | $ 5,000,000 | G13666029, Superior Court of California, Alameda Co. | Lamb and Frischer Law Firm, LLP, 1388 Sutter Street, Suite 815, San Francisco, CA 94109 |
| Dreyfuss, Donald | 77 | $ 433,400 | 2012-124998-NP, Circuit Court for Oakland Co., Michigan | David M. Kramer, Hilborn & Hilborn P.C., 999 Haynes, Suite 205, Birmingham, MI 48009 |
| Gundersen-Nutting, Karen | 7 | $ 11,000,000 | 4:11-CV-00024-RRB, U.S. Dist. Ct., District of Alaska | S. Jason Crawford, Crawford Law Offices, 250 Cushman St., Suite 2-B, Fairbanks, AK 99701 |
| Hogue, Gary | 14 | $ 500,000 | CJ-2009-4814, District Court Oklahoma Co., Oklahoma | Daniel M. Delluomo, Delluomo & Crow, 5617 N. Classen Blvd., Oklahoma City, OK 73118 |
| Hogue, Gary | 53 | $ 250,000 | | |
| Marsar, Joseph | 83 | $ 10,000,000 | 13-CV-1244-T-27TGW, M.D. Florida, Tampa Division | c/o Kelley Uustal, 700 SE 3rd Ave., Suite 300, Fort Lauderdale, FL 33316 |
| Marsar, Joseph | 79 | $ 10,000,000 | | |
| Massey, M. (minor), Aaron, and Tracey | 28 | $ 25,000,000 | 09-2-45506-6, Superior Court State of Washington, King Co. | Unknown |
| Massey, M. (minor), Aaron, and Tracey | 29 | $ 20,500,000 | | |
| Massey, M. (minor), Aaron, and Tracey | 75 | $ 407,247 | | |
| Montague, Bonnie | 30 | $ 5,000,000 | 12-CV-00098, U.S. Dist. Ct., E.D. of Louisiana | Douglas R. Plymale, Plymale Law Firm, One Canal Place, 365 Canal Street, Suite 1000, New Orleans, LA 70130 |
| Mullins, Lillian | 66 | $ 5,000,000 | 13-CV-0110, Court of Common Pleas, Ashtabula Co., Ohio | c/o Tom Merriman, 1360 W. 9th Street, Suite 200, Cleveland, OH 44113 |
| Rohlik, Laurie | 36-2 | $ 500,000 | C-20127882, Superior Court of Arizona, Pima Co. | Henry Jacobs, Law Offices of Henry Jacobs, PLLC, 271 North Stone Avenue, Tucson, AZ 85701 |
| Sanchez, Elisa (Jessize Sepeda) | 84-2 | $ 1,000,000 | 11-CV-245416, Superior Court of Califronia, County of Tulare | Sawl Law Group, 2150 Tulare Street, Fresno, CA 93711 |
| Schneider, Sharon | 47 | $ 12,500 | 11-109, U.S. Dist. Ct., N.D. Iowa, Cedar Rapids Division | Robert F. Wilson, 210 2nd Street SE, Suite 810, Cedar Rapids, IA 52401 |
| Aruscavage, Jacky | Disputed | $ 100,000.00 | 2012-8675, Court of Common Pleas of Luzeme Co., Penn. | Unknown |
| West, William (Carolyn Gleason) | Disputed | $ 2,800,000.00 | 1:11-cv-02065-CKK, U.S. Dist. Ct., District of Columbia | Unknown |